

UNITED STATES OF AMERICA

U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

DETROIT BRANCH

Edgardo Perez-De Leon,

Plaintiff,

Vs.

Central Bank of Nigeria (CBN)

Defendant.

Case: 2:20-cv-10428
Judge: Murphy, Stephen J.
MJ: Stafford, Elizabeth A.
Filed: 02-19-2020 At 02:46 PM
CMP LEON V. CENTRAL BANK OF NIGERIA (CBN) (NA)

_____/

Edgardo Perez-De Leon

7109 Pebble Park Drive

West Bloomfield, MI 48322

(248)252-6396

Plaintiff in propia person


Service c/o Geoffrey Jideofor Kwusike Onnyeama

Ministry of Foreign Affairs of the Federal Republic of Nigeria

No1 Federal Secretariat

Central Business District

Abuja, Nigeria

_____/

## COMPLAINT AND JURY DEMAND

NOW COMES Edgardo Perez-De Leon, Plaintiff in propia person, and pursuant to the

Foreign Sovereign Immunities Act (FSIA), USC 28 section 1605(a)(1) –and any other relevant

1

section of USC 28-- and the Constitution of 1963 of the State of Michigan Article 1 Section 10 (on obligation of contract), in support of this Complaint and Jury Demand states:

1. Plaintiff is a U.S, citizen resident at the State of Michigan.

2. **Defendant is an instrumentality or agency of a foreign state**, specifically of the Federal Republic of Nigeria (FRN) pursuant a Nigerian court ruling made in14, being a separate legal entity of the FRN.

3. On **March 6, 2014** the parties entered in a contract (also known as a Settlement Agreement/Exhibit 1) for the payment to Plaintiff by Defendant of **USD $21,000,000.00** (twenty one millions U.S. dollars) after compliance by the parties with conditions precedent (paragraph 3 of page 1 and paragraph 1 of page 2 of Exhibit 1).

4. The parties agreed that in the event of breach of contract and subsequent related litigation proper venue is the courts of United States of America under the laws of United States of America and the State of Michigan (paragraph 3 of page 3 of Exhibit 1). **NOTE: Although the FSIA constitutes a long arm statute in itself, the acceptance of this provision is an implied waiver to the immunity otherwise provided by the FSIA.**

5. USC 28 Section 1605(a)(1) states:

   "A foreign state shall not be immune from the jurisdiction of the courts of the United States (1) in which the foreign state **has waived its immunity either explicitly or by implication**, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver" (emphasis added).

2

6. Plaintiff asserts that by implication, once has admitted the plausibility to submit to the jurisdiction of the courts of the United States in the event of breach of contract (paragraph 3 of page 3 of Exhibit 1) , **Defendant waived its immunity**.

7. The contract was executed by Plaintiff and his wife, Wanda Velez-Ruiz, and by Dr. Sarah Omotunde Adale, acting governor of Defendant at the time of the execution of the agreement on March 6, 2014; by Tunde Lemo, who purported to be at that time Deputy Governor, a position he actually served prior to March 6, 2014;and Anyim Pius, an important former senator of the FRN, serving at that time as Secretary of the Government (Chief of Staff of the President) of the FRN.

8. Dr. Adale was required to execute the agreement **under the Seal of the Central Bank of Nigeria**, what was not required to the other 2 signatories for reasons given below.

9. Mr. Lemo was not an officer of the CBN (Defendant) at the time, according to the organigram of the CBN (Defendant) posted at the website of the CBN (Defendant), and was reported as being under contract by the Nigerian media at that time.

10. Senator Pius (as he was also known) was not an officer of the CBN (Defendant) and his duty in this agreement, in the best of the cases, was to be a sort of informative liaison with the FRN, not relevant for the validity of the agreement, duty for which he volunteered.

11. The purpose of the agreement was to settle allegations of fraud made by Plaintiff and his wife against the CBN (Defendant) related to advance fees paid by Plaintiff in order to obtain funds that were transferred to Nigeria from the United Kingdom by the U.K, Lotto and not received by Plaintiff and his wife (paragraph 2 of page 1 of the Exhibit1).

12. Defendant agree to pay USD $21,000,000.00 (twenty one millions US dollars) within 30 (thirty) days after Plaintiff and his wife had paid another advance fee of U.S. $12,700.00 (twelve thousand seven hundreds U.S. dollars into a Defendant's bank account, with the bank in which that account would be held, having to acknowledge the ownership by the CBN (Defendant) of such bank account (paragraph 1 at page 2 of Exhibit 1).

13. Defendant failed to provide a bank account with the specification stated in the agreement (See paragraph 13 of this Complaint and Jury Demand).

14. No other document exists directly related neither to an amendment of the agreement nor related to a request for additional time.

15. E-mailed copies were deemed as valid as the original with original signatures and the seal of the CBN (paragraph 1 of page 3 of Exhibit 1).

16. Defendant is deemed in breach of contract by not providing a bank account of its ownership, at which plaintiff was able to deposit the additional USD $12,700 advance fee, to fulfill his obligation.

17. Defendant is obliged to pay 10 times the amount in the agreement as punitive contractual damages (paragraph 2 of page 4 of the agreement).

18. Defendant is obliged to pay actual damages and other damages as determined by the laws of the United States and the State of Michigan (paragraph 3 of page 4 of Exhibit 1).

19. Additionally Defendant is obliged to pay 10% interest rate or higher from the date of breach of contract (paragraph 1 at page 4 of Exhibit 1) or 30 days after March 6, 2014.

## COUNT 1

## BREACH OF CONTRACT

20. Plaintiff incorporates by reference paragraphs 6 of the Complaint and Jury Demand.

21. Plaintiff incorporates by reference paragraph 16 of the Complaint and Jury Demand.

22. Plaintiff incorporates by reference paragraph 17 of the Complaint and Jury Demand.

23. Plaintiff incorporates by reference paragraph 18 of the Complaint and Jury Demand

24. Plaintiff incorporates by reference paragraph 19 of the Complaint and Jury Demand.

## RELIEF SOUGHT

25. Plaintiff seeks USD $21,000,000.00 in actual damages.

26. Plaintiff seeks USD $210,000,000.00 in contractual damages.

27. Plaintiff seeks any other damages allowed by the laws of the United States and the

    State of Michigan, such as punitive damages.

28. Plaintiff seeks interest at 10% or higher since April 6, 2014

## JURY DEMAND

29. Plaintiff demands trial by jury.

Respectfully submitted,

*/s/ Edgardo Perez-De Leon*

7109 Pebble Park Dr.

West Bloomfield, MI 48322

(248) 252-6396

February 19, 2020

5

Bx1 1/5

# IN THE UNITED STATES OF AMERICA
# AND
# IN THE FEDERAL REPUBLIC OF NIGERIA

## SETTLEMENT AGREEMENT

This Settlement Agreement (herein referred to as Agreement) is between Wanda Velez-Ruiz and Edgardo L. Perez-De Leon, wife and husband, the beneficiaries herein referred to as Party A, and the Central Bank of Nigeria (CBN), the payer, herein referred to as Party B.

This Agreement is entered by the parties to settle allegations of fraud made by Party A against Party B related to advance fees paid by Party A to Party B in order to obtain funds transferred to Nigeria from the UK Lotto that were not received by Party A from Party B.

To settle the above allegations Party A agrees to receive, and Party B agrees to pay, $21 M USD (twenty one million United States dollars) from Party B, and Party A agrees to pay, respectively, **within 30 days after** Party A compliance with the conditions precedent below.

Initials for Party A: _____    Initials for Party B: _____ and _____

1

To settle the above allegations, to facilitate the electronic transfer of the $21 M USD into Party A's designated bank account, and to pay for any other, known and unknown, advance fee or related expense, Party A agrees to pay to Party B $12,700.00 USD (twelve thousands seven hundreds United States dollars) into Party B's designated bank account in Nigeria, or elsewhere, after the bank of the Party B. designated bank account acknowledge in writing the ownership by Party B of the designated bank account, for which disclosure of information must be authorized by Party B.

Party A submits this Agreement executed via e-mail to Party B and and Party B must return it executed to Party A within 30 day of its receipt, unless the parties to this Agreement require to negotiate amendments, in which event Party B's amended version of the Agreement must be submitted within the time prescribed above via e-mail to Party A executed by Party B for Party A's execution and return by e-mail to Party B, if Party A agrees with Party B's amended version.

The parties agree that the negotiation process could be

Initials for Party A: _____ and _____          Initials for Party B: _____ and _____

2

An allegation of breach of contract as result of this Agreement

ended upon a separate written agreement of the parties.

The original of this Agreement shall be cross delivered by the parties by regular mail and sent by e-mail and fax, which faxed and e-mailed copies shall be deemed as valid as the original with the SEAL of the CBN and the original signatures, and their initials at each page, of its signatories, especially the signature and initials of the Governor (or acting Governor) of the CBN.

The parties agree to the non-disclosure of the terms and conditions of this Agreement after properly executed by the parties for a period of 10 years after the full completion of this Agreement, except in the event of breach of contract or allegations thereof.

An allegation of breach of contract as result of this Agreement claimed by a party shall be litigated at the courts of United States of America and under its laws and the laws of the State of Michigan.

In the event of breach of contract and its successful litigation the

Initials for Party A: ___ and ___          Initials for Party B: ___ and ___

3

parties agree that the prejudiced party must be paid by the breaching party 10% **interest rate**, or the Michigan statutory interest rate, whatever is higher, from the **date of breach of contract**.

In the event of breach of contract and its successful litigation, the parties agree that the prejudiced party must be paid by the breaching party at least 10 (ten) times the amount of this agreement in **punitive damages** or a higher rate if so is determined by the courts.

In the event of breach of contract and its successful litigation, the parties agree that the prejudiced party must be paid by the breaching party any **other damages** as determined by the laws of United States and the State of Michigan.

**For Party A**

Signed this 5th of March of 2014

_____
Wanda Velez-Ruiz

_____
Edgardo L. Perez-De Leon

Initials for Party A: ____ and ____

Initials for Party B: ____ and ____

4

For Party B

Signed this 7th of March of 2014

_____
Sarah Alade,
Acting Governor of the Central Bank of Nigeria

_____
Tunde Lemo,
Deputy Governor of the Central Bank of Nigeria

_____
Senator Anyim Pius,
Secretary of the Government of the Federal Republic of Nigeria



**SEAL OF THE CENTRAL BANK OF NIGERIA**

Initials for Party A _____ and _____        Initials for Party B _____ and _____

5

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Edgardo Perez DeLeon

**DEFENDANTS**
Central Bank of Nigeria

(b) County of Residence of First Listed Plaintiff: Oakland
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
7109 Pebble Pk Dr
West Bloomfield MI 48322

Case: 2:20-cv-10428
Judge: Murphy, Stephen J.
MJ: Stafford, Elizabeth A.
Filed: 02-19-2020 At 02:46 PM
CMP LEON V. CENTRAL BANK OF NIGERIA (CBN) (NA)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| [x] 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 864 SSID Title XVI | |
| | | | | ☐ 865 RSI (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*

JUDGE:  
DOCKET NUMBER:

DATE: 2-19-2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?   ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :